| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| THE UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CRIMINAL NO. 4:11-CR-127(9) |
| | § | |
| KEVIN HARDEN | § | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION**

Pending before the court is Defendant Kevin Harden's ("Harden") Motion for Pretrial Release (#344) and Motion for District Court to Review the Magistrate Judge's Detention Order (#345) and the United States' response to these motions and other motions (#346). After reviewing the motions and the response, reading the transcript of the detention hearing held on August 29, 2011, the transcript of the Motion to Reopen Detention Hearing held on November 29, 2011, and the transcript of the Motion Hearing for Psychiatric Examination and to Proceed Pro Se held on June 5, 2012, examining Magistrate Judge Don Bush's Order of Detention dated August 31, 2011, and considering the matter *de novo* pursuant to 18 U.S.C. § 3145, the court is of the opinion that the order of detention should be AFFIRMED and Harden's motions should be DENIED.

Harden is charged by indictment with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846. The conspiracy is alleged to span the period from June 2006 until June 2011. If Harden is convicted of this offense, he could be imprisoned from 10 years to life, fined up to $10,000,000, and placed on supervised release for at least 5 years. Having found that there is probable cause to believe that Harden has committed an offense for which the maximum sentence is life imprisonment and a penalty of 10

years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, a rebuttable presumption exists that he is a flight risk and a danger to the community. *See* 18 U.S.C. § 3142(e).

The testimony and other evidence adduced at the hearings establish by a preponderance of the evidence that Harden poses a flight risk and by clear and convincing evidence that he constitutes a danger to the community. Agent Chris Ernest ("Ernest") of the Criminal Investigations Division of the Texas Department of Public Safety testified at the detention hearing that Harden operated a stash house in Indiana on behalf of the Eric Pieper ("Pieper") drug trafficking organization. According to Ernest, Harden would deliver and pick up large quantities of marijuana and deliver cash proceeds from the drug trafficking activities to coconspirators. Ernest detailed deliveries of $75,000 in currency in November/December 2010 and $90,000 in January 2011. The latter delivery was made to an individual identified as Dale Zigler ("Zigler") at a Ruth's Chris Steak House in Indiana. Harden was subsequently involved in engaging in intimidating activity directed at Zigler where he acted as the go-between in facilitating telephone calls from Pieper to Zigler, who was no longer taking calls directly from Pieper after the investigation began. Ernest further testified that Harden engaged in elusive behavior after he became aware that law enforcement officials were trying to contact him.

Harden's criminal history dates back to January 1990 in Detroit, Michigan, when he was adjudicated as a juvenile for fleeing from a police officer and driving without a license. Later in 1990, he was arrested for possession of a stolen vehicle, but the disposition of that charge is unknown. In 1992, Harden was convicted of attempting to receive stolen property and was placed on probation for 3 years. In 1993, he was convicted of committing an unarmed robbery and was

sentenced to serve a jail term of 1 year 6 months to 15 years. Also in 1993, he was convicted of carrying a concealed weapon for which he was sentenced to 3 to 5 years in jail and of being a habitual offender for which he was sentenced to 4 to 5 years in jail. In 1994, Harden was convicted once again of unarmed robbery in Detroit and was sentenced to 5 to 15 years in jail. In 2002, he was convicted in Kentucky of aggravated assault and was sentenced to 12 months in jail.

The Pretrial Service Report indicates that Harden, age 38, resided in Avon, Indiana, at the time of his arrest. According to the evidence presented at the detention hearing, he lived there with his wife and children, although his wife was hospitalized at the time of the hearing and his children were residing with their grandmother in Detroit. As highlighted at the detention hearing, Harden's home environment is far from stable, as his wife reportedly has stabbed him, poured gasoline on him, and beat him with a shower rod, leading him to obtain a protective order against her. He proffered no suitable, alternative third-party custodians. In 2007, Harden had heart surgery as well as a follow-up procedure, and, according to Harden, he continues to suffer from heart problems and associated pain. Nevertheless, he appears to be receiving adequate medical care at the Fannin County Detention Center. According to the nurse at the facility, Harden has been prescribed medication but has repeatedly refused to take it. The doctor at the facility noted on his chart that Harden is addicted to Lortab, which the physicians have declined to prescribe, and commented that whatever pain he has is not related to a cardiac problem. Although Harden is once again attempting to rely on his history of heart problems to obtain pretrial release, this court, as did Magistrate Judge Bush and Magistrate Judge Amos Mazzant, finds his arguments unavailing. Indeed, he advised Judge Mazzant that he has no medical or physical condition that

would affect his ability to represent himself and that any pain he experiences will not affect his ability to function as his own lawyer in the case. Therefore, Judge Mazzant has acquiesced to Harden's repeated entreaties to proceed *pro se* and to represent himself, a task he has undertaken with gusto by filing myriad motions.

In view of the nature and circumstances of the offense charged, the strength of the evidence, the large quantities of drugs and currency involved, his criminal history, his unknown employment, educational, mental health, substance abuse, and financial background, his unstable domestic situation, his lack of ties to this community, and the substantial penalties he is facing if convicted, Harden's pretrial release is not warranted. Harden has not rebutted the presumption that he poses a risk of flight and a danger to the community. *See United States v. Rueben*, 974 F.2d 580, 586-87 (5th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *United States v. Hare*, 873 F.3d 796, 798-99 (5th Cir. 1989).

Accordingly, in conformity with the order of detention dated August 31, 2011, Harden shall remain in custody pending trial.

SIGNED at Beaumont, Texas, this 9th day of July, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE