# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11cr127 |
| | § | (Judge Crone) |
| KEVIN HARDEN (8) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's *pro se* "Motion to Dismiss Indictment for Lack of Jurisdiction of the United States of America Constitution" (Dkt. #383). Having considered the relevant pleadings, the Court finds that this motion has no merit and should be denied.

On June 8, 2011, Defendant was indicted for the offense of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. On January 11, 2012, Defendant was indicted in a superseding indictment for the offense of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 846. On July 17, 2012, Defendant filed this motion which asserts that this Court and the United States of America lack proper jurisdiction over his person and over the subject matter. On July 24, 2012, this motion was referred to the undersigned for decision (Dkt. #400). On July 23, 2012, the Government filed a response (Dkt. #396).

Title 18, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. See 18 U.S.C. § 3231,[1] *see also United States v. Casey*, No. CV.04-2844-MI/P, CR.02-20308-MI, 2005 WL 2114059, at *2 (W.D. Tenn. Aug. 30, 2005) (citing *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under Section 3231; the permission

---

[1]    Title 18, United States Code, Section 3231 states as follows:

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

of the state is not a prerequisite to exercise that jurisdiction. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992). "[T]here is no question that every person present in the United States is generally subject to the laws of the United States." *United States v. Szilagyi*, Nos. 88-1178, 88-1461, 1989 WL 68592, at *3 (6th Cir. 1989).

The Sixth Circuit Court of Appeals has rejected identical arguments as frivolous. *See United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir. 2001) (rejecting the argument that Louisville, Kentucky, is outside the jurisdiction of the federal government: "This is a frivolous argument that ignores the basic principles of federalism. The fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Hamilton for federal crimes occurring within those same boundaries."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (defendant's argument that he could not be prosecuted for income tax violations because he was a resident of Michigan and not of any "federal zone" was "completely without merit and patently frivolous").

Defendant was indicted for a violation of 21 U.S.C. § 846, which alleges his involvement in a conspiracy to possess with the intent to distribute marijuana. Proceedings in criminal cases are to be held in the district and division in which the offense is committed. 18 U.S.C. § 3232; *see also* Fed. R. Crim. P. 18. In cases in which a crime is begun in one district and completed in another, or committed in more than one district, the crime may be prosecuted in any district in which such offense was begun, continued, or completed. 18 U.S.C. § 3237. The government must only prove by a preponderance of the evidence the commission of any single act in the district "that was part of the beginning, continuation, or completion of the crime." *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002). "[C] ircumstantial evidence alone is sufficient to establish venue." *Id.* The First Superseding Indictment clearly alleges that the charged violations occurred in the Eastern District of Texas and elsewhere. The Government asserts that, at trial, the evidence will show that some portion of the marijuana and/or proceeds involved in this conspiracy was transported through the Eastern District of Texas and that evidence linking the Defendant to this conspiracy was found in

the Eastern District of Texas.

Similarly, the Fifth Circuit Court of Appeals has rejected similar arguments as frivolous. *See United States v. Webb*, 220 F. App'x 293 (5th Cir. 2007). Accordingly, the Defendant's arguments are without merit, because the jurisdictional issues presented by his motion are frivolous, and his motion should therefore be denied.

### RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss Indictment for Lack of Jurisdiction of the United States of America Constitution" (Dkt. #383) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of August, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE